# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NICKEY LEE POUND, SR.,

        Petitioner,  :        Case No. 3:13-cv-083

  - vs -                      District Judge Walter Herbert Rice
                                   Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
Institution,

        Respondent.  :

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Habeas corpus cases filed at the Dayton location of court are referred to the undersigned by General Order of Reference.

Pound was convicted in the Montgomery County Common Pleas Court on August 29, 1997, of aggravated murder, attempted murder, felonious assault, improperly discharging a firearm into a habitation (all with firearm specifications) and having weapons under disability. (Petition, Doc. No. 1, PageID 1-2.)  The convictions were affirmed on direct appeal and the Ohio Supreme Court declined to conduct further review. *Id.* ¶ 9.  The case became final on direct review ninety days later when Petitioner's time to apply to the United States Supreme Court for a

1

writ of certiorari expired. Petitioner filed a new trial motion in the Common Pleas Court which was denied April 15, 1999. *Id.* at ¶ 11. Pounds filed petitions for post-conviction relief in that court on February 1, 2008; June 29, 2009; and January 3, 2011. *Id.* at PageID 4, 6.

Petitioner pleads the following Grounds for Relief:

> **Ground One:** Insufficient Evidence/Manifest Weight
>
> **Supporting Facts**: The manifest weight of the evidence was insufficient to support prior calculation and design, and that this Petitioner had the assault rifle which caused the victim's death. Thus, the conviction violates the Petitioner's rights under the 5th and 14th Amendments to the U.S. Constitution.
>
> **Ground Two**: Improper Instruction for Aider and Abettor
>
> **Supporting Facts:** As this Petitioner's Indictment and Bill of Particulars specifically charges [sic] him as the Principal Offender, to subsequently charge him as an Aider and Abettor, which requires a lesser level of culpability to obtain a conviction, violates the Petitioner's constitutional rights under the 5th and 14th Amendments.
>
> **Ground Three**: Perjured Testimony
>
> **Supporting Facts:** Several witnesses, predominately Elvis Wooliver, gave perjured testimony known to the Police and the State prosecutor to obtain a conviction on the key element of who had the assault rifle, which caused the victim's death. A Conviction obtained through the use of known perjured testimony violates the 5th and 14th Amendments of the U.S. Constitution.
>
> **Ground Four**: Double Jeopardy violation for multiple punishments.
>
> **Supporting Facts**: Even assuming argumendo [sic] that all of the violations alleged in the indictment resulted from one single action, discharging a weapon into a home, then multiple punishments, ran [sic] consecutively, violates the 5th and 14th Amendments of the U.S. Constitution.

*Id.* at PageID 5-14.

The procedural default doctrine in habeas corpus is described by the Supreme Court as

follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d

3

423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.), *cert. denied sub nom, Eley v. Hauk,* __ U.S. __, 131 S.Ct. 822 (2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The procedural history of Mr. Pound's case is described in some detail in the opinion of the Second District Court of Appeals denying his appeal of his fourth petition for post-conviction relief:

> **[\*P2]** On August 29, 1997, Pound was convicted, after trial by jury, of aggravated murder, attempted murder, felonious assault, improperly discharging a firearm at or into an occupied structure, having weapons while under disability, and multiple firearm specifications. The trial court sentenced Pound to consecutive sentences as follows: 20 years to life imprisonment for aggravated murder, nine years for attempted murder, seven years for felonious assault, four years for improperly discharging a firearm at or into a habitation, and three years for merged firearm specifications. The trial court additionally sentenced Pound to a concurrent term of 11 months for having weapons while under disability.
>
> **[\*P3]** This court affirmed Pound's conviction in *State v. Pound*, 2d Dist. Montgomery No. 16834, 1998 Ohio App. LEXIS 4364, 1998 WL 636996 (Sept. 18, 1998). Shortly thereafter, Pound filed a petition to vacate his sentence, which was construed as a postconviction relief petition. Pound argued that new evidence surfaced indicating that a witness, Elvis Wooliver, committed perjury at his trial. He also argued that he had received ineffective assistance of counsel. The trial court denied the petition.
>
> **[\*P4]** In 2008, Pound again filed a motion to vacate his sentence on the ground that Wooliver committed perjury at his trial. The motion, construed as a postconviction relief petition, was again denied. In 2009, Pound filed his third petition, again alleging that Wooliver committed perjury at his trial. In 2011, Pound filed his fourth petition, advancing the same argument as his previous petitions.
>
> **[\*P5]** In two August 2011 entries, the trial court denied Pound's 2009 and 2011 petitions. Pound, pro se, now timely appeals from these denials and asserts three assignments of error for consideration by this court.

*State v. Pound*, 2012 Ohio 3392, 2012 Ohio App. LEXIS 2983 (Ohio App. 2nd Dist. Jul7 27, 2012).

Regarding Pound's claim that his conviction was based on perjured testimony, the Common Pleas Court held that it was barred by the Ohio criminal *res judicata* doctrine because the claim could have been raised on direct appeal, insofar as it was based on evidence already of record at the time of the direct appeal. *Id.* at ¶ 9. The court of appeals upheld that conclusion.

5

*Id.* The court of appeals also held that to the extent this claim was properly raised in Pound's first post-conviction petition in 1999, Pound procedurally defaulted by failing to appeal from denial of that post-conviction petition. *Id.* at ¶ 10. The court of appeals found additional procedural defaults in the fact that Pound's second, third, and fourth petitions were untimely under Ohio Revised Code § 2953.21(A)(2). *Id.*

Ohio does indeed have a procedural rule – the doctrine of *res judicata* as applied to criminal cases:

> 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. ...
>
> 9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry*, 10 Ohio St. 2d 175 (1967)(emphasis *sic*.). *See also State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169, 170 (1982); *State v. Duling,* 21 Ohio St. 2d 13, 254 N.E. 2d 670 (1970). The Common Pleas Court and the Second District Court of Appeals both applied that doctrine against Mr. Pound.

The *Perry* rule has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *White v. Mitchell*, 431 F.3d 517 (6th Cir. 2005), *citing Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied*, 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

In addition to the *res judicata* doctrine, Ohio also has a procedural rule as to when a petition for post-conviction relief can be filed, a time tied to preparation of the record on direct appeal.  Mr. Pound failed to comply with that rule and both Ohio courts held it against him.

Finally, Mr. Pound procedurally defaulted on his claims by failing to appeal at all to the court of appeals from denial of his 1999 post-conviction petition and failure to appeal to the Ohio Supreme Court from denial of his fourth petition for post-conviction relief.

In addition to being barred by the procedural default doctrine, Mr. Pound is also barred by the statute of limitations for habeas corpus cases.  28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when

conducting an initial review under Rule 4 of the Rules Governing §2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Mr. Pound argues his Petition is timely because of his delay in obtaining affidavits in support of his position that Mr. Wooliver perjured himself. The record he has filed to support this claim does not do so.

Mr. Pound's own Affidavit, dated December 22, 2010 (Petition, Doc. No. 1, PageID 17), speaks of facts that he knows from the trial in 1997 and is supported by trial transcript excerpts *Id.* at PageID 18-19. A letter from Pound's son attached as PageID 23-24 is dated November 23, 1997. A prior letter apparently dated November 10, 1997, is attached as PageID 25-27. An Affidavit of William Hefner at PageID 28 is dated October 12, 1999. The date on the next affidavit (PageID 29) is illegible. The Affidavit of Gary Houtz at PageID 30 is dated December 5, 1999. Darren Freeman's Affidavit (PageID 31) is dated June 23, 1999. The Mark Layman Affidavit (PageID 32) dated February 5, 2009, is considerably later, but cumulative of other affidavits and still more than three years old at the time Petitioner filed in this Court.

Although the statute of limitations is tolled while a properly filed application for post-conviction relief is pending, the Ohio courts have held that at least the second, third, and fourth petitions in this case were not properly filed because they were all untimely and barred by *res judicata*.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein

8

be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would not be taken in good faith and should therefore not proceed *in forma pauperis*.

March 20, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).